IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
BRANDON S. SMITHSON,            )
                                )    Civil No. 05-467-ST
        Petitioner,             )
                                )
    v.                          )
                                )
GUY HALL,                       )
                                )    FINDINGS AND RECOMMENDATION
        Respondent.             )
```

    Kendra M. Matthews
    Ransom Blackman LLP
    1101 SW Fifth Avenue, Suite 1400
    Portland, Oregon 97204-1144

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Douglas Y.S. Park
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

//

    1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging his state court convictions for Rape, Sodomy, Sexual Abuse, and Attempted Aggravated Murder. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (docket #29) should be denied, and this case should be dismissed with prejudice.

## BACKGROUND

On July 30, 1998, petitioner sexually molested three-year-old MP and two-year-old GP while babysitting the girls. He was initially charged only with Rape in the First Degree, Sexual Abuse in the First Degree, and Sodomy in the First Degree for crimes he committed against MP. Respondent's Exhibit 102. Petitioner did not wish to proceed to trial, and his attorney advised him that his best opportunity to obtain an advantageous plea bargain was to receive a favorable psychosexual evaluation. Respondent's Exhibit 117, p. 2.

Counsel scheduled petitioner for a psychosexual evaluation with Steven Jensen of the Center for Behavioral Intervention. Prior to the evaluation, petitioner told counsel that he intended to confess to Jensen regarding uncharged criminal conduct pertaining to GP. Id at 3. Counsel "urged him not to divulge such information as new charges would result since Mr. Jensen would report the revelations to the authorities." Id. Petitioner

2 - FINDINGS AND RECOMMENDATION

disregarded counsel's advice and admitted to Jensen that he sodomized and strangled GP. He also made similar inculpatory statements to a fellow inmate. Id at 3-4.

As a result, petitioner was charged with two additional counts: Sodomy in the First Degree and Attempted Aggravated Murder. Respondent's Exhibit 104. Pursuant to plea negotiations, petitioner pleaded guilty to all charges and was sentenced to 320 months in prison. Respondent's Exhibits 105, p. 1; 107, pp. 4-6.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed the conviction without opinion. State v. Smithson, 169 Or.App. 653, 10 P.3d 336 (2000). Petitioner did not petition the Oregon Supreme Court for review.

Petitioner next filed for post-conviction relief in Malheur County which was denied. Petitioner appealed, but the Oregon Court of Appeals granted the State's motion for summary affirmance and the Oregon Supreme Court denied review. Respondent's Exhibits 125, 127.

Petitioner filed this habeas corpus action on April 1, 2005. In his Amended Petition for Writ of Habeas Corpus, petitioner asserts that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because counsel failed to attend or cancel the psychosexual evaluation where petitioner made his incriminating statements. Respondent asks the court to deny relief on the Amended Petition because: (1) his claim

3 - FINDINGS AND RECOMMENDATION

was not fairly presented to Oregon's state courts and is now procedurally defaulted; and (2) the state court decisions denying relief are neither contrary to, nor unreasonable applications of, clearly established federal law.

Because petitioner's ineffective assistance of counsel claim fails on its merits, the court declines to decide the exhaustion issue and proceeds directly to the merits of the claim.  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

4 - FINDINGS AND RECOMMENDATION

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410.  The state court's application of clearly established law must be objectively unreasonable.  Id at 409.

**II. Analysis**

Petitioner asserts that his trial attorney was constitutionally ineffective because he failed to attend or cancel petitioner's psychosexual evaluation despite his knowledge that petitioner intended to confess to other uncharged conduct pertaining to GP.  Petitioner claims that as a result of counsel's failure, he was convicted of two additional felonies and received

5 - FINDINGS AND RECOMMENDATION

a sentence which was 45 months longer than was otherwise possible under the original indictment.[1]

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In reviewing petitioner's claim in this case, the court looks to the PCR trial court's decision as the last reasoned decision on

---

[1] Under the original indictment, petitioner's maximum sentence based on the three charges pertaining only to GP was 275 months. With the new charges, the sentence grew to 320 months.

6 - FINDINGS AND RECOMMENDATION

this issue. Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991). In that proceeding, counsel submitted an affidavit in which he stated that "[p]etitioner did not wish to go to trial from the outset of my representation." Respondent's Exhibit 117, p. 2. He also "explained to [petitioner] that experience showed that the best possible plea bargains in cases such as his normally turned on a favorable psychosexual evaluation." Id. He further recalled as follows:

> I do recall that petitioner advised me he was going to confess to additional crimes to Mr. Jensen of [the Center for Behavioral Intervention]. I recall going to the jail and reading a confession he was going to provide to Mr. Jensen. I urged him not to divulge such information as new charges would result since Mr. Jensen would report the revelations to the authorities. Petitioner ignored my advice, and mentions in his deposition transcript, that he received and ignored that advice. . . .

Id at 3.

During his PCR deposition, petitioner testified that Jensen "told me to not answer some questions or to proceed to lie on the polygraph," but also testified that counsel "told me to be truthful with these individuals." Respondent's Exhibit 116, pp. 33-34. He further indicated during his deposition that he did not recall counsel warning him that his statements from the evaluation could be used against him. Id at 34-35.

Based on the record before it, the PCR trial court made the following findings:

7 - FINDINGS AND RECOMMENDATION

>   As part of the plea negotiations, petitioner agreed to a psychiatric examination and a polygraph examination. During those examinations, petitioner disclosed information that led to two additional charges. Petitioner claims that his trial counsel did not adequately advise and protect him. Trial counsel's affidavit indicates that petitioner wanted to confess everything and did so against counsel's advice. The court finds that the preponderance of the evidence supports trial counsel's view and that petitioner's explanation is not credible.

Respondent's Exhibit 119, pp. 1-2.

Petitioner asserts that once counsel knew of his intent to make inculpatory statements to Jensen, counsel should have either attended or cancelled the evaluation. He argues that sending him to such an interview without counsel constituted deficient performance. Whether he was forthright or concealed his uncharged conduct, petitioner contends that his voluntary participation could not have produced a favorable evaluation and, thus, could not have aided him in his plea negotiations.

Petitioner made it clear to counsel from the beginning that he did not intend to take his case to trial. Based on counsel's experience in similar cases, he advised petitioner that he might be able to obtain a better plea offer if he participated in a psychosexual evaluation. When petitioner informed his counsel, that he intended to confess his uncharged conduct during his evaluation, his counsel clearly advised him not to discuss that particular episode and further cautioned him that such a course

8 - FINDINGS AND RECOMMENDATION

would trigger a reporting obligation on Jensen's part which would lead to additional criminal charges.

Despite counsel's advice to the contrary, petitioner made incriminating statements during his evaluation which resulted in new criminal charges just as counsel predicted. Petitioner now asserts that because of counsel's deficient performance, he ended up with a sentence 45 months longer than the maximum exposure of 275 months that he faced had counsel cancelled the psychosexual evaluation. Petitioner, though, fails to view counsel's advice in its entirety.

Counsel's advice was two-fold: (1) participate in a psychosexual evaluation; and (2) decline to discuss with Jensen the incident involving GP. The advice to have a psychosexual evaluation cannot be considered objectively unreasonable conduct had petitioner declined to discuss GP. If petitioner had simply followed the totality of his counsel's advice, he would have received a sentence of no more than 275 months, even if the district attorney made no concession based on petitioner's willingness to forego his right to a jury trial. Petitioner cannot selectively choose to follow only a portion of his counsel's strategically sound advice, then assert ineffective assistance of counsel when he falls victim to the dangers of which counsel specifically warned.

9 - FINDINGS AND RECOMMENDATION

It was not counsel's advice that caused prejudice to petitioner; instead, it was petitioner's voluntary confession which occurred despite counsel's advice. Whether counsel's attendance at the psychosexual evaluation would have resulted in no confession is pure speculation. Because petitioner's statement was voluntary, there is no reasonable probability that petitioner was prejudiced by his counsel's conduct.

Because counsel's performance did not fall below an objective standard of reasonableness, the PCR trial court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## **RECOMMENDATION**

For the reasons set foth above, the Amended Petition for Writ of Habeas Corpus (docket #29) should be DENIED, and this case should be DISMISSED with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due August 17, 2007. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings

10 - FINDINGS AND RECOMMENDATION

and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>1st</u> day of August, 2007.

/s/ <u> Janice M. Stewart    </u>
Janice M. Stewart
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION